UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

| | | |
|---|---|---|
| All-City Towing LLC, *et al.*[1] | Case Nos. | 26-20523-rmb |
| Debtors. | | Chapter 11 |

**ORDER APPROVING FINAL USE OF CASH COLLATERAL AND ADEQUATE PROTECTION**

This matter came before the Court on ~~February 3,~~ March 12 2026, on the motion of All-City Towing LLC together with Bret's Towing LLC (the "Debtors"), for approval of the use of cash collateral in which Newtek Business Services Holdco 6, Inc. or NBL SPV II LLC

---

[1] ~~The motion for joint administration has been filed in each of the affiliated debtors' cases. At the time this motion was filed, the Court had not granted it. The caption showing related debtors is being used to alert parties-in-interest that an identical motion is being filed in each case. The caption should not be construed that Court has approved the joint administration motion~~ Jointly administered with Bret's Towing LLC (Case No. 26-20524-rmb), ACT RE LLC (Case No. 26-20525-rmb), Bret's RE LLC (Case No. 26-20526-rmb), OMS Properties LLC (Case No. 26-20527-rmb), 5408 S 13th LLC (Case No. 26-20528-rmb), 5414 S 13th LLC (26-20529-rmb), Daddy Jeff LLC (Case No. 26-20530-rmb), Mactire Services LLC (Case No. 26-20531-rmb), and Jeffrey Piller and Candice Brecht (Case No. 26-20532-rmb).

Drafted by:

Evan P. Schmit
Kerkman & Dunn
839 N. Jefferson St., Suite 400
Milwaukee, WI 53202-3744
Phone: 414.277.8200
Facsimile: 414.277.0100
Email: eschmit@kerkmandunn.com

(collectively "Newtek"), Old National Bank ("Old National"), the United States Small Business Administration ("SBA"), AKF Inc. dba Fundkite ("Fundkite"), MCA Servicing Company ("MCA Servicing"), Aurum Funding Source ("Aurum Funding") Panthers Capital ("Panthers"), and TVT Capital Source ("TVT") ~~(collectively NBL, Old National, SBA, Fundkite, MCA Servicing, Aurum Funding, Panthers, and TVT are referred to as the "Secured Creditors")~~ may have an interest, and to provide them with adequate protection pursuant to 11 U.S.C. § 363(c)(2)(B) and (3), and Fed. R. Bankr. P. 4001(b~~)~~.) (the "Motion"). The Court entered an order granting interim approval and setting February 25, 2026 as the deadline for objections. (Dkt. 32) The Debtors served the Motion and Interim Order. (Dkt. 41)

Old National and Old National Equipment Finance (Old National Equipment Finance collectively with Old National "ONB") filed an objection. No other objections were filed. The Debtors and ONB have resolved the objection through terms in this order.

The Court finds that it has jurisdiction over this matter pursuant to §§ 157 and 1334, and the order of reference filed in this district entered pursuant to §157(a). The Court also finds that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (M) as a matter with respect to the administration of the Debtors' estates and the use of cash collateral. The Court finds that notice was adequate.

~~The Court also finds that the Debtors will suffer irreparable harm if not permitted to use cash on an interim basis.~~

~~For the reasons stated on the record,~~

Accordingly,

**IT IS ORDERED that:**

1. The Debtors are authorized to use cash collateral on final basis in accordance with

2

the terms of this order.

1.2. The following adequate protection is granted to the Secured Creditors: (collectively NBL, ONB, SBA, Fundkite, MCA Servicing, Aurum Funding, Panthers, and TVT are referred to as the "Secured Creditors"):

(a) *Replacement Liens*. The Secured Creditors and any other creditor with an interest in cash collateral are granted replacement liens of the same priority to the same extent in the cash collateral as existed immediately before the Petition Date (the "Replacement Liens"). The Replacement Liens are deemed automatically perfected upon entry of this order without the necessity of a creditor taking possession, filing financing statements, mortgages or other documents; provided, however, that upon request of a Secured Creditor and any other creditor determined to have a valid lien that attaches to cash collateral, the Debtor will execute any necessary perfection documents to reflect the Replacement Liens. No creditor shall improve its secured position because of the Replacement Liens.

(b) *Extension of Pre-Petition Liens*. The liens of creditors with an interest in cash collateral pursuant to any security agreements will extend to the collateral under the Replacement Liens, and the products and proceeds thereof under § 552(b) of the Bankruptcy Code.

(c) *Adequate Protection Payments*. Newtek shall be paid $59,172.49 each month, as required under the documents between it and All-City, as applicable, that existexisted on the Petition Date. The SBA shall be paid $2,570.00 each month as required under the documents between it and All-City, as applicable, that existed on the Petition Date. Old NationalONB shall be paid $4,089.52 each month as required under the documents between it and Bret's Towing.RE, LLC. ONB shall be paid $13,555.59 each month as required under the documents between it and All-City, as applicable, that existed on the Petition Date. ONB shall be paid an additional $7,019.00

3

each month as required under documents between it and All-City, as applicable, that existed on the Petition Date.

(d) *Commencement of Adequate Protection Payments*. The Debtors shall make adequate protection payments each month on the due date under the respective documents with Newtek, SBA, and ONB, with payments commencing the first due date after entry of this order approving the use of cash collateral.

~~(d)~~(e) *Reporting*. The Debtor will provide reports of its receipts and distributions consistent with the monthly reporting requirements for chapter 11 cases.

~~(e)~~(f) *Insurance*. The Debtor will continue to maintain general property, casualty, workers comp, and commercial general liability coverage, consistent with their coverage before the Petition Date, appropriate for the Debtors' operations, and as required under the loan documents with ~~NBL~~Secured Creditors that existed as of the petition date with respect to its collateral.

~~(f) *Payroll and Withholdings*. The Debtors will pay all employee payroll when due and further remit all required employee withholdings and employer-side payroll tax obligations including federal, state, and local withholding taxes; FICA; Medicare; unemployment taxes; and any garnishments or deductions withheld for benefits plans to the appropriate taxing authorities or third-party administrators in the ordinary course.~~

(g) *Property Taxes*. The Debtors shall continue to pay all property taxes as and when due as required under the terms of the loan documents with ONB.

~~(g)~~(h) *Other*. The Debtors will comply with all non-monetary terms of the loan documents with Newtek and ONB except solvency-related covenants or other provisions contrary to the Bankruptcy Code or any order of the Court to the extent that any term conflicts with the

4

Bankruptcy Code or with any other order of the Court.

~~2.	Until notice is provided and the Court conducts a final cash collateral hearing and enters an order authorizing the Debtors' use of cash collateral on a final basis, or termination as provided below, the Debtors are authorized to use cash collateral solely in accordance with the Interim Budget, which is attached as Exhibit 1, subject to variations of up to 10% in excess of the amounts listed without further approval, and such greater variation if Newtek, SBA, and Old National approve or the Court enters an order approving additional amounts.~~

~~3.	The Debtor's interim use of cash collateral pursuant to this Order shall terminate on the earlier a trustee being appointed in place of the debtor-in-possession, the chapter 11 case being dismissed, a permanent order permitting the use of cash collateral and adequate protection being entered, or as otherwise specified in a further order of the Court.~~

# # # # #